Hamilton- Ward, J.
This is a motion by way of a writ of error coram nobis for an order vacating and setting aside the judgment of conviction entered in this court in Erie County on the third day of March, 1950. By his plea of guilty the defendant was convicted of the crime of burglary in the third degree.
Defendant moves to vacate the judgment of conviction upon the ground that he was not represented by counsel of his own choosing and the further ground developed on the hearing that there was a conflict of interest in connection with the retention and appearance of counsel.
An extensive hearing was had. Upon that hearing, the defendant was represented by assignment by a very able former assistant district attorney of Erie County.
The defendant and four others were arrested and charged with the crimes of burglary third degree, grand larceny first degree, attempted grand larceny first degree and forgery second degree. They appeared in City Court of Buffalo for arraignment and preliminary hearing. The arraignment was adjourned. Before the adjourned date, an indictment was found by a Grand Jury of Erie County, charging the above crimes on a number of counts. On January 27, 1950, all defendants named in the indictment were duly arraigned in the County Court of Erie County. Each defendant was advised of his right to counsel. This defendant stated to the court that he had retained Carlton P. 0 ’Connor. Without any counsel being present, the defendant pleaded not guilty. Defendant does not claim any irregularity because of the absence of counsel upon arraignment. In view of People v. Dolac (3 A D 2d 351, affd. 3 N Y 2d 945) the defendant could not successfully urge any irregularity concerning the arraignment under the circumstances of this case.
It is the defendant’s contention that he retained Carlton P. O’Connor as his counsel.
It is the People’s claim the defendant retained Bernard B. Krystaniak as his counsel.
I find from all the evidence that the defendant retained Bernard B. Krystaniak as his counsel. This attorney appeared with the defendant when he withdrew his plea of not guilty and entered a plea of guilty of burglary in the third degree as *289 alleged in the first count in the indictment. This attorney also appeared with defendant upon sentence. It should appear here that the indictment had been duly transferred from the County Court to the Supreme Court on the 14th day of February, 1950. The above finding, however, may not be necessary to determine this motion.
When defendant appeared for the purpose of withdrawing his plea of not guilty and offering a plea of guilty to the first count of the indictment he was accompanied by Mr. Krystaniak. By his conduct he held out to the court that he was represented by counsel of his own choosing in the person of Mr. Krystaniak. If he permitted counsel to appear with him other than counsel he now claims he retained, he waived any objection to the counsel who appeared. That attorney became his counsel ad hoc for the purpose of that appearance.
The same rule applies when the defendant appeared for sentence. He was asked a question required by section 480 of the Code of Criminal Procedure. At that time he offered no legal cause why the judgment of the court should not then be pronounced against him. If Mr. Krystaniak was not his counsel he was then given the opportunity to renounce Mr. Krystaniak and urge upon the court that he was without counsel of his own choosing and that for that reason there was legal cause why the imposition of the sentence should be stayed. By failing to object to the presence of Mr. Krystaniak, defendant held out to this court that Krystaniak was his attorney. He should not now be heard to say after nearly seven years that Mr. Krystaniak was not his counsel.
There is no evidence of any conflict of interest as far as any attorney appearing at any time in this proceeding is concerned. As above, I have found that Krystaniak was defendant’s counsel. I have also found that the defendant accepted and used the services of Mr. Krystaniak in such a manner that he cannot now renounce Mr. Krystaniak. The fact that Mr. O’Con-nor appeared for a codefendant upon sentence and that Mr. O’Connor appealed for leniency for his client by placing the burden upon this defendant is no conflict of interest.
The motion to vacate the judgment of conviction herein is denied, and the defendant is remanded to the custody of the Warden of Attica State Prison pursuant to the judgment of this court of February 14, 1950.